Read, J.
The errors assigned raise two questions, which we propose to consider:
1. The sufficiency of the declaration upon the injunction bond.
2. For the purpose of further proceedings, if the pleadings *128 should be so amended as to warrant judgment, what would be the amount to be recovered ?
*The statute provides that, before the successful party shall bring suit upon an appeal or injunction bond, execution shall issue against the-principal debtor; and, by the return of the execution, it shall be made to appear that the principal debtor has not goods, chattels, lands, or tenements, sufficient to satisfy it. Act regulating judgments and executions, sec. 27, Swan’s Stat. 482.
It is necessary, therefore, to aver in the declaration upon an injunction bond, that execution had been issued against the principal debtor, and return of nulla bona, as to the whole or in part, to sustain the action, or some' legal excuse for not making such averment. No such averment is made in the declaration, nor any excuse why such averment was not made. The declaration is therefore defective, and the judgment must be reversed.
If the plaintiff should ultimately prevail, what should be the amount to be recovered ?
When a stranger to the suit, in which judgment has been had, files a bill to restrain a levy upon specific proporty, claiming right therein, on the dissolution of such injunction, the person suing it out is not responsible for the whole amount of the original judgment, penalty and costs, but only for the value of the specific property levied upon, and the costs arising from the proceedings in injunction; because the.judgment has not been enjoined, and the judgment creditor was not hindered from proceeding in any other manner against the judgment debtor. Portsmouth and Columbus Turnpike Co. v. Byington, 12 Ohio, 114.
But where an injunction against a judgment at law has been dissolved, the recovery upon the injunction bond is for the amount of the judgment, costs at law, and the penalty, and also the moneys and costs decreed against him on the dissolution, if the terms of the bond admit. S.wan’s Stat. 711.
This is the rule as to the amount to be recovered, in all cases where the judgment has been enjoined, whether by parties to the original judgment, or by strangers.
*As to whether, in suit upon injunction bonds, more can bo recovered than the amount decreed on dissolution, depends upon the terms of the bond. The rights under the decree are cumulative only, and do not impair the common law remedy upon *129 the bond itself; and, in suit upon such bond, the amount can be recovered which it was given to secure.
A difficulty, perhaps, may exist under the condition of this bond, which has escaped the attention of the pleader. The defendants are not parties to the judgment enjoined, and the condition is, to pay such money as will become due from them in said judgment, or as shall be decreed against them. There was nothing decreed against them but costs, and, not being parties to the judgment, nothing is due thereon from them.
The case is remanded to the county ; and counsel for plaintiffs will then have an opportunity to consider whether a recovery can be had at law, under the condition of this bond, for the amount of the judgment, or whether he may not require the aid of a court of equity.
Judgment reversed, and cause remanded.